UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN MCCLENDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV1343 JAR |
| | ) | |
| WIESSMAN THEATRICAL SUPPLIES, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Karen McClendon for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). After reviewing the complaints filed in this consolidated action, the Court will order plaintiff to amend her complaint according to the instructions set forth below.

**The Complaints**

On July 26, 2012, plaintiff filed two separate employment discrimination actions against defendant Wiessman Theatrical Supplies. See McClendon v. Wiessman Theatrical Supplies, 4:12CV1344 CAS and McClendon v. Wiessman v. Theatrical Supplies, 4:12CV1343 JAR. The Court, by Memorandum and Order dated August 13, 2012, consolidated the two cases, pursuant to Fed.R.Civ.P. 42.

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA") and presumably the Missouri Human Rights Act ("MHRA"), Mo. Rev. St. § 213.010, et seq. Specifically, plaintiff asserts that defendant discriminated against her on the basis of her race, color, gender, disability and age, in the terms and conditions of her employment, and by terminating her employment unlawfully. Plaintiff also alleges that she was retaliated against and harassed in violation of Title VII, the ADEA the ADA and (presumably) the MHRA.

Plaintiff has included with her complaint a copy of three separate notices of right to sue: two from the Equal Employment Opportunity Commission ("EEOC") and one from the Missouri Commission on Human Rights ("MCHR"). However, although plaintiff's pleadings note that she is bringing federal claims against defendant, nowhere does either complaint specifically state that she is bringing a claim

for discrimination, harassment or retaliation under the MHRA. Rather, plaintiff has merely attached a copy of her right to sue notice from the MCHR. Thus, the Court is left to merely surmise that plaintiff is making an MHRA claim.

## Discussion

Because plaintiff is proceeding in this action pursuant to 28 U.S.C. § 1915, the Court is required to review plaintiff's pleadings for frivolousness, maliciousness and for failure to state a claim, prior to service of process on the complaint. Before the Court can do so, plaintiff must amend her complaint to include all of her allegations in one pleading.

A.  Filing an Amended Complaint

Because plaintiff's allegations are spread throughout two separate complaints, are confusing and do not seem to match the allegations within her charges of discrimination,[1] it is difficult for the Court to review her assertions pursuant to 28 U.S.C. § 1915. Thus, plaintiff will be required to file an amended complaint, on a court-provided form, which will supercede the two prior complaints filed in this action. Simply put, **all** claims in this action must be included in one, centralized

---

[1]An employee may not bring allegations in an employment discrimination action if they go beyond those that "could reasonably be expected to grow out of the charge of discrimination" filed with the EEOC. Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671–72 (8th Cir.1994).

complaint form. In her amended complaint plaintiff must also clearly articulate whether or not she is pursuing a claim, or claims, under the MHRA. Plaintiff must follow the Court's instructions relating to the filing of her second amended complaint, as set forth below, or she will face dismissal of her action.

As noted previously, plaintiff is required to submit her amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff shall have thirty (30) days from the date of this Order to file her amended complaint. Plaintiff is again warned that the filing of the amended complaint **completely replaces** the original complaints, and claims that are not re-alleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness

and/or failure to state a claim. A claim must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

B. Motion for Appointment of Counsel

Additionally, the Court will deny plaintiff's motion for appointment of counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors and the factual allegations in the case at hand, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**. See 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff a copy of a blank Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall amend her complaint, on a court-provided form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without prejudice.

Dated this 16th day of August, 2012.

_/s/ John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE